UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NACIMO A., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No.:  3:20-cv-1780-RBM <br><br> **ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS** <br><br><br> **[Doc. 2]** |

### I.   INTRODUCTION

On September 10, 2020, Plaintiff Nacimo A. ("Plaintiff") filed a complaint under 42 U.S.C. §§ 405(g) and 1383(c) seeking judicial review of the Commissioner of the Social Security Administration's ("Defendant" or "Commissioner") denial of disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act ("the Act").  (Doc. 1.)  Plaintiff did not pay the required filing fee and instead filed a motion to proceed in forma pauperis ("IFP Motion").  (Doc. 2.)

On April 8, 2020, Chief Judge Larry A. Burns issued an order staying civil cases arising under 42 U.S.C. § 405(g) that were filed on or after March 1, 2020, due to the ongoing COVID-19 public health emergency.  *See* Or. of Chief Judge No. 21, sec. 6 (stating

in part "all civil cases filed on or after March 1, 2020 brought against the Commissioner . . . are hereby stayed, unless otherwise ordered by the [Court]."). Initially, the Court held its ruling on the IFP Motion in abeyance pursuant to the Chief Judge Order. But, the COVID-19 pandemic has been ongoing for months and will continue for the foreseeable future. At this time, the Court lifts the stay of this case for the limited of purpose of ruling on the IFP Motion which will allow Plaintiff to proceed with effectuating service of the summons and complaint to Defendant. Once service is complete, the Court will stay the case again until such time as the Commissioner begins normal operations at the Office of Appellate Hearings Operations and resumes preparation of Certified Administrative Records. *See* Or. of Chief Judge No. 21 at sec. 6.

Having reviewed the IFP Motion and complaint, the Court **GRANTS** Plaintiff's motion and further finds Plaintiff's complaint sufficient to survive a sua sponte screening.

## II.  DISCUSSION

### A.  Application to Proceed IFP

All parties instituting a civil action in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a). But a litigant who, because of indigency, is unable to pay the required fees or security may petition the Court to proceed without making such payment. 28 U.S.C. § 1915(a)(1). The facts of an affidavit of poverty must be stated with some particularity, definiteness, and certainty. *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015) (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1984)).

The determination of indigency falls within the district court's discretion. *Rowland v. Cal. Men's Colony*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993). It is well-settled that a party need not be completely destitute to proceed in forma pauperis. *Adkins v. E.I. DuPonte de Nemours & Co.*, 335 U.S. 331, 339-40 (1948); *see also Escobedo*, 787 F.3d at 1235. To satisfy the requirements of 28 U.S.C. § 1915(a)(1), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide[ ] himself and

dependents with the necessities of life." *Adkins*, 335 U.S. at 339 (internal quotations omitted). Nevertheless, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D. R.I. 1984) (internal citation omitted). Courts tend to reject IFP motions where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Allen v. Kelley*, C-91-1635-VRW, 1995 WL 396860, at **2-3 (N.D. Cal. June 29, 1995) (Plaintiff initially permitted to proceed IFP, but later required to pay $120 filing fee out of $900 settlement proceeds).

Here, Plaintiff[1] has sufficiently demonstrated entitlement to IFP status. According to the affidavit, Plaintiff's income for the past twelve months totals $542, which comprises of $350 in food stamps and $192 in child support. (Doc. 2 at 1.) Plaintiff has been unemployed since 2002. (*Id.*) Plaintiff's monthly expenses total $898, which comprises of $235 in rent, $200 in utilities/water, $100 in automobile insurance, $100 in gasoline, $100 for his child's clothing and supplies, $63 for a cell phone, and $100 for cable/internet. (*Id.*) Plaintiff states, "[t]he expenses are more than my income. My son and I live with my ex-mother-in-law. She pays for things I can[not] pay." (*Id.*) Plaintiff has $55 in personal savings. (*Id.* at 2.) The only valuable property Plaintiff owns are two vehicles, a 2003 Nissan and a 2002 Infinity. (*Id.*) Plaintiff's has one dependent, a sixteen-year-old son. (*Id.*)

Plaintiff's affidavit sufficiently demonstrated an inability to pay the required $400 filing fee without sacrificing the necessities of life. *See Adkins*, 335 U.S. at 339-340. The Court concludes Plaintiff cannot afford to pay any filing fees at this time for this action. Accordingly, Plaintiff's IFP Motion is **GRANTED**.

/ / /

/ / /

---

[1] From the face of Plaintiff's complaint and IFP Motion, Plaintiff's gender is unclear. Thus, the Court will refer to Plaintiff as "he."

**B.   Sua Sponte Screening**

Pursuant to 28 U.S.C. § 1915(a), a complaint filed by any person proceeding IFP is also subject to a mandatory sua sponte screening. The Court must review and dismiss any complaint which is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *see also Alamar v. Soc. Sec.*, 19-cv-0291-GPC-LL, 2019 WL1258846, at *3 (S.D. Cal. Mar. 19, 2019).

To survive, complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). And "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* Instead, plaintiff must state a claim plausible on its face, meaning "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

Social security appeals are not exempt from the general screening requirements for IFP cases. *Montoya v. Colvin*, 16-cv-00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (citing *Hoagland v. Astrue*, 12-cv-00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012)).

In social security appeals, courts within the Ninth Circuit have established four requirements necessary for a complaint to survive a sua sponte screening:

> First, the plaintiff must establish that she had exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled. Fourth,

> the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

*Skylar v. Saul*, 19-cv-1581-NLS, 2019 WL 4039650, at *1 (S.D. Cal. Aug. 27, 2019) (quoting *Montoya*, 2016 WL 890922, at *2). As to requirement four, a complaint is insufficient if it merely alleges the Commissioner was wrong in denying plaintiff benefits. *See Skylar*, 2019 WL 4039650, at *1; *see also Hoagland*, 2012 WL 2521753, at *3. Instead, a complaint "must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." *Skylar*, 2019 WL 4039650, at *2.

As to the first requirement, the complaint contains sufficient allegations that Plaintiff exhausted his administrative remedies. Plaintiff filed concurrent applications for disability insurance benefits and supplemental security income which the Commissioner denied initially and upon reconsideration. (Doc. 1 at ¶ 6.) An administrative law judge ("ALJ") held a hearing and issued a decision denying Plaintiff's claim for benefits. (*Id.* at ¶ 7.) Plaintiff filed a request for review, and the appeals council denied it. (*Id.* at ¶ 8.) This became the Commissioner's final decision. (*Id.*) Plaintiff timely filed the complaint within sixty days of the Commissioner's final decision. (*Id.* at ¶ 8.) As to the second requirement, the complaint states Plaintiff resides "within the jurisdictional boundaries of this Court in Spring Valley, CA." (*Id.* at ¶ 1.) As to the third requirement, Plaintiff alleges he "is, and at all times relevant to this action, disabled as that term is defined in the Social Security Act." (*Id.* at ¶ 5.) Finally, Plaintiff contends the Court should reverse or remand the Commissioner's final decision on several grounds. (*Id.* at ¶ 9.) Specifically, Plaintiff alleges the ALJ "impermissibly rejected [Plaintiff's] subjective symptom testimony;" "impermissibly rejected Dr. Estrada's treating opinion;" "improperly assigned significant weight to Dr. Goldstein's opinion;" and "there is no substantial medical or vocational evidence in the record to support the legal conclusion of [P]laintiff is not disabled within the meaning of the Act." (*Id.*) Based upon the foregoing, the Court finds the complaint establishes the four requirements necessary to survive sua sponte screening.

However, the Court notes that Plaintiff's counsel has filed several complaints in other social security appeals that contain language nearly verbatim to the instant complaint's paragraph five. (*Id.* at ¶ 5.) While paragraph five of the instant complaint alleges Plaintiff is disabled and he has been disabled at all relevant times to this action, this boilerplate language *barely* meets the third screening requirement. *Skylar*, 2019 WL 4039650, at *1. The Court has recently issued an order discouraging Plaintiff's counsel against filing pleadings with such boilerplate language. *Emma C. v. Saul*, 20-cv-1681-RBM, Doc. 6 (S.D. Cal. Sept. 21, 2020) (highlighting paragraph five's boilerplate language in complaint but nevertheless finding complaint sufficient to survive sua sponte screening); *Michael W. v. Saul*, 20-cv-608-AJB-RBM, Doc. 6 (S.D. Cal. Sept. 16, 2020) (highlighting boilerplate language in complaint but nevertheless finding complaint sufficient to survive sua sponte screening). While the complaints in other cases have survived a sua sponte screening, the Court cautions Plaintiff's counsel that such boilerplate filings are discouraged. *See Kevin C. v. Saul*, 20-cv-463-RBM, Doc. 9 (S.D. Cal. Sept. 2, 2020) (finding complaint sufficient to survive a sua sponte screening); *see also Mark G. v. Saul*, 20-cv-917-WVG, Doc. 5 (S.D. Cal. May 18, 2020) (stating "the Court finds Plaintiff has sufficiently (though barely) satisfied the minimal pleading standards above by stating specific points of error assigned by the ALJ."); *Robert D. v. Saul*, 20-cv-639-MDD, Doc. 6 (S.D. Cal. June 15, 2020) (finding complaint not subject to sua sponte dismissal); *Maria R. v. Saul*, 20-cv-1236-MMA-JLB, Doc. 6 (S.D. Cal. July 23, 2020) (finding complaint not subject to sua sponte dismissal); *but see Maria V. v. Saul*, 20-cv-586-JLB, Doc. 6 (S.D. Cal. May 6, 2020) (dismissing complaint without prejudice finding complaint "merely parrots the standard of judicial review" and "devoid of the [ALJ's] findings and the specific reasons Plaintiff contends the ALJ erred.").

/ / /
/ / /
/ / /
/ / /

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's IFP Motion is **GRANTED**.

2. The Clerk of Court is **DIRECTED** to issue a summons as to Plaintiff's complaint and forward it to Plaintiff along with a blank U.S. Marshals Form 285 for the named Defendant. In addition, the Clerk of Court is **DIRECTED** to provide Plaintiff with certified copies of this Order and the complaint.

3. Upon receipt of these materials, Plaintiff is **DIRECTED** to complete Form 285 and forward the materials to the United States Marshals Service.

4. Upon receipt, the United States Marshals Service is **ORDERED** to serve a copy of the Complaint and summons upon Defendant as directed by Plaintiff on Form 285. The United States will advance all costs of service. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).

5. After service is complete, the Court will stay the case again and the stay will automatically lift after Defendant files the Certified Administrative Record.

**IT IS SO ORDERED**.

Dated: September 24, 2020

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE